**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 7, 2009

Charles R. Fulbruge III
Clerk

No. 09-40266

DAVID JOHNSON, Individually and as Class Representative,

Plaintiff - Appellant

v.

CITY OF DENTON FIRE DEPARTMENT; CITY OF DENTON, TX

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:07-CV-449

Before REAVLEY, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

David Johnson appeals the district court's grant of summary judgment in favor of defendants in his race discrimination suit. We affirm for the following reasons.

**FACTS AND PROCEEDINGS**

Johnson applied to a be fireman in the Denton Fire Department ("DFD"), but was unsuccessful. If he had been hired, he would have been DFD's first black firefighter. Johnson passed the civil service exam and was given a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Personal History Statement ("PHS") to complete.  The PHS contains a release of information form and stated that the form must be signed by the applicant and by a witness before the hiring process could continue.

Johnson did not have the form witnessed before returning it to DFD, as required.  Instead, Johnson attests that he turned in his PHS to DFD Assistant Chief Randy Nickerson unwitnessed and asked Nickerson to witness the application for him.  Nickerson never witnessed Johnson's form and Johnson was temporarily disqualified because his PHS was incomplete.  Rather than reapply, Johnson filed this civil rights suit against DFD and the City of Denton, alleging race discrimination in violation of Title VII and 28 U.S.C. § 1981.

Defendants moved for summary judgment and the magistrate judge issued a Report and Recommendation recommending that Johnson's claims be dismissed.  The district court adopted the Report and Recommendation in full over Johnson's objections.  Johnson timely appealed.

## STANDARD OF REVIEW

"We review a district court's grant of summary judgment *de novo*." *Goodman v. Harris County*, 571 F.3d 388, 393 (5th Cir. 2009).  "Summary judgment is appropriate 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Id*. (quoting FED. R. CIV. P. 56(c)).  "We consider the evidence in a light most favorable to . . . the non-movant, but [he] must point to evidence showing that there is a genuine fact issue for trial to survive summary judgment."  *Id*. (quotation omitted).

## DISCUSSION

Defendants assert that Johnson was not hired because he failed to have his PHS witnessed.  This reason is both legitimate and non-discriminatory.  Johnson therefore was required to show that there was a genuine issues of

2

material fact concerning whether DFD's stated reason for not hiring him was pretextual or whether discrimination was a motivating factor behind DFD's actions. *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004). Johnson offers only his prima facie case, his account of his interaction with Nickerson, and evidence of DFD's racial composition in 2005 and 2007, a period over which diversity at DFD actually increased. The 2005 and 2007 statistics are of little probative value because Johnson fails to provide any baseline against which the racial composition of DFD can be compared. *See, e.g., Anderson v. Douglas & Lomason Co., Inc.*, 26 F.3d 1277, 1286, 1290 (5th Cir. 1994). His remaining evidence—the prima facie case and Nickerson's alleged assertion that he would sign the release form—does not tend to show that DFD's proffered reason was pretextual or that racial discrimination was a motivating factor behind DFD's failure to hire Johnson. It is undisputed that Johnson did not turn in a PHS that was signed by a witness, as required. Johnson has not offered any evidence indicating that the witness requirement was enforced more strictly against minority candidates or otherwise used by DFD to keep minority candidates out of the department. Indeed, the evidence demonstrates that both minority and non-minority candidates were disqualified for not completing the PHS.

The Supreme Court's decision in *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000), does not compel a different result. There the Court stated that "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Id.* at 148. Assuming, arguendo, that Johnson's evidence cast some doubt on DFD's proffered reason for not hiring him, he has failed to present evidence from which a fact-finder could infer racial discrimination. *See Price v. Fed. Express Corp.*, 283 F.3d 715, 723-24 (5th Cir. 2002). The *Reeves* court emphasized that a prima

facie case and evidence of pretext would not always be enough to find discrimination. 530 U.S. at 148. And the plaintiff in *Reeves* offered considerably more evidence of pretext and discrimination than Johnson offered. Reeves made a "substantial showing" that the employer's proffered explanation was false and pointed to comments made by his supervisor reflecting age-based animus. 530 U.S. at 144, 151. Johnson has not made a comparable showing. *See id.*; *Price*, 283 F.3d at 724-25 (discussing the evidence in cases where this court has reversed a district court's grant of summary judgment based on *Reeves*).

The district court was correct to dismiss Johnson's claims. Because we find that Johnson has not demonstrated a genuine issue of fact as to his racial discrimination claim, we do not address DFD's contention that his claim would also be barred by after-acquired evidence.

## CONCLUSION

For the reasons stated, the judgment of the district court is AFFIRMED.